**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

HARLEN LOWE,                                )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )        Case No. 4:15-cv-00149-TWP-TAB
                                            )
CAESARS RIVERBOAT CASINO, LLC, d/b/a        )
HORSESHOE SOUTHERN INDIANA, and             )
SCHINDLER ELEVATOR CORPORATION,             )
                                            )
                    Defendants.             )

## ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Harlen Lowe ("Mr. Lowe"), proceeding *pro se*, filed this negligence action

seeking damages for personal injuries sustained when he fell, while riding down an escalator at

the Horseshoe Southern Indiana Casino ("the Casino").  Before the Court is Defendants Caesars

Riverboat Casino, LLC's ("Caesars"), and Schindler Elevator Corporation's (collectively, "the

Defendants") Motion for Summary Judgment filed on May 4, 2016.  (Filing No. 40.)  For the

following reasons, the Court grants the Defendants' Motion.

## I.  BACKGROUND

As with any summary judgment motion, the following facts are reviewed in the light most

favorable to Mr. Lowe, the non-moving party, and the Court draws all reasonable inferences in

Mr. Lowe's favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Zerante v.

DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).  Notably, Mr. Lowe did not respond to the Defendants'

Motion for Summary Judgment or present any disputed facts.  This is despite Defendants filing

notice that his failure to do so would result in the Defendants' facts being "accepted by the court

as being true unless [he] submit[ted] [his] own affidavits or other admissible evidence disputing those facts". (Filing No. 44 at 1.)

Caesars operates the Casino, which is located in Harrison County, Indiana. Caesars contracts with Schindler Elevator Corporation to maintain and service the escalators at the Casino. (Filing No. 42-2.) On March 19, 2015, Mr. Lowe was a guest at the Casino. He attempted to ride the down escalator from the third floor to the second floor. (Surveillance Video, Manually Filed at Filing No. 43.) In so doing, Mr. Lowe walked onto the escalator, lost his balance, and fell down the escalator steps.[1] (*Id.*)

In his Complaint, Mr. Lowe contends that as a result of the fall, he suffered injuries, including but not limited to, fractures of various bones, dizzy spells, memory problems and hip and leg problems. (Filing No. 1 at 2-3.) Mr. Lowe also claims that the Defendants negligently maintained the escalator, thereby causing him to get "caught in the escalator mechanism" and fall. (*Id.*) However, Mr. Lowe has not submitted any evidence that the escalator malfunctioned or that it otherwise contributed to his fall. Similarly, Mr. Lowe has not submitted evidence that the Defendants were negligent in causing him to fall or evidence to substantiate his personal injuries. Mr. Lowe has not submitted any evidence in support of his claim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] Additionally, the Defendants argue that Mr. Lowe has "admitted" several facts that disprove his case because he failed to respond to the Defendants' Requests for Admissions. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). For instance, the Defendants note that Mr. Lowe did not respond to the Requests for Admissions regarding whether Mr. Lowe had been drinking; that the incident was solely Mr. Lowe's fault; and that there is no evidence of negligence or fault by the Defendants. (*See* Filing No. 41 at 2-3.) However, noting Mr. Lowe's *pro se* status, and the lack of evidence to support his claim, the Court need not address whether Mr. Lowe's silence in response to the Defendants' Request should be interpreted or enforced as admissions.

judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court reviews the record in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor.  *Zerante*, 555 F.3d at 584; *Anderson*, 477 U.S. at 255.

The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323 (noting that, when the non-movant has the burden of proof on a substantive issue, specific forms of evidence are not required to negate an non-movant's claims in the movant's summary judgment motion, and that a court may, instead, grant such a motion, "so long as whatever is before the district court demonstrates that the standard . . . is satisfied.").  *See also* Fed. R. Civ. P. 56(c)(1)(A) (noting additional forms of evidence used in support or defense of a summary judgment motion, including: "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials").

Thereafter, a non-moving party, who bears the burden of proof on a substantive issue, may not rest on its pleadings but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial.  *Hemsworth*, 476 F.3d at 490; *Celotex Corp.*, 477 U.S. at 323-24; Fed. R. Civ. P. 56(c)(1).  Neither the mere existence of some alleged factual dispute between the parties nor the existence of some "metaphysical doubt" as to the material facts is sufficient to defeat a motion for summary judgment.  *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997); *Anderson*, 477 U.S. at 247-48; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving

party bears the responsibility of identifying the evidence upon which [it] relies." *Harney*, 526 F.3d at 1104.

Similarly, a court is not permitted to conduct a paper trial on the merits of a claim and may not use summary judgment as a vehicle for resolving factual disputes. *Ritchie v. Glidden Co., ICI Paints World-Grp.*, 242 F.3d 713, 723 (7th Cir. 2001); *Waldridge*, 24 F.3d at 920. A court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("these are jobs for a factfinder"); *Hemsworth*, 476 F.3d at 490. Instead, when ruling on a summary judgment motion, a court's responsibility is to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Id.*

## III.  DISCUSSION

In order to prevail on a claim of negligence, a plaintiff must show: (1) a duty owed to the plaintiff by the defendant; (2) a breach of duty; and (3) a compensable injury proximately caused by defendant's breach of duty. *King v. Northeast Security, Inc.*, 790 N.E.2d 474, 484 (Ind. 2003). When any one of these elements is clearly absent, summary judgment is appropriate. *Colen v. Pride Vending Serv.*, 654 N.E.2d 1159, 1162 (Ind. Ct. App. 1995) ("a defendant is entitled to judgment as [a] matter of law when undisputed material facts negate at least one element of plaintiff's claim").

The Defendants have designated evidence in the form of a surveillance video which depicts Mr. Lowe walk onto the escalator, grab onto the right handrail and then begin to lean forward. (Filing No. 43.) Mr. Lowe continues to lean forward until he loses his balance and falls down the escalator steps. *Id.* The video does not depict any malfunction of the escalator or negligent act which causes Mr. Lowe to "get caught in the escalator mechanism" and fall.

By failing to respond to the Defendants' Motion for Summary Judgment, Mr. Lowe has not met his burden of establishing a genuine issue of material fact.  Because Mr. Lowe has not submitted any evidence in support of his negligence claim, no jury could reasonably conclude that the Defendants breached a duty to him with regard to maintaining the escalator.  *See Hemsworth*, 476 F.3d at 490 (noting that a non-moving party may not rest on its pleadings but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial); *Celotex Corp.*, 477 U.S. at 323-24 (same); Fed. R. Civ. P. 56(c)(1) (same).  Accordingly, the Defendants are entitled to summary judgment on Mr. Lowe's sole claim of negligence.

## IV.  <u>CONCLUSION</u>

For the aforementioned reasons, the Court **GRANTS** the Defendants' Motion for Summary Judgment.  (Filing No. 40.)  The Court will enter final judgment by separate order.

**SO ORDERED.**

Date: 7/18/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Harlen Lowe
5706 Maryman Road
Louisville, Kentucky  40258

Blake N. Shelby
FROST BROWN TODD LLC
bshelby@fbtlaw.com

Kevin C. Schiferl
FROST BROWN TODD LLC
kschiferl@fbtlaw.com